The Honorable Andrea Lea State Representative Post Office Box 1342 Russellville, Arkansas 72811-1342
Dear Representative Lea:
I am writing in response to your request for my opinion on the following question:
 Does Act 470 of 2009 apply to someone retiring from a high school and the following semester hiring on as an adjunct (part time) at a college?
RESPONSE
Act 470 of 2009 amended portions of the Arkansas Teacher Retirement System (ATRS) statutes relating to the Teacher Deferred Retirement Option Plan (T-DROP). Specifically, Act 470 amended A.C.A. § 24-7-1308 to state:
 (a)(1) The member's participation in the Teacher Deferred Retirement Option Plan shall cease when the member files an application for voluntary retirement with the system under § 24-7-701 and is granted a monthly retirement benefit by the system.
 (2) The system shall cancel a plan participant's retirement benefits, and the plan participant forfeits any retirement benefits, including plan account benefits, if the participant:
 (A) Fails to meet the termination of employment requirement of § 24-7-701; and *Page 2 
 (B) Has not reached normal retirement age.
 (3) A plan participant becomes eligible again for retirement benefits, including plan account benefits, when the termination requirements are met.
 (b)(1) When the member's participation in the plan ceases, the member may elect to receive the balance in the plan account as a lump sum or as a monthly benefit paid under the annuity option selected by the member under this subchapter.
 (2) The Board of Trustees of the Arkansas Teacher Retirement System shall determine factors to be used for the conversion of plan balances to monthly amounts.
 (c) When the member's participation in the plan ceases, the board shall cause the member's plan benefit to be paid directly to the member in the form of regular monthly amounts in the same amount and manner as would have been the case if the member had retired on the plan date and had made the same election under § 24-7-706 that was made on or before the plan date.
 (d)(1) A member who fails to meet the termination requirements and receives retirement benefits shall repay any benefits received before becoming eligible again for voluntary retirement.
 (2) If the member becomes eligible to receive the plan account distribution before the system collects it back from the member, the system may charge interest on the distribution for the time the member was ineligible to receive the distribution.
 (e) The system may offset, adjust, or otherwise collect any benefits overpaid to a member under this subchapter.
Act 470 made several changes to A.C.A. § 24-7-1308, so I am not entirely sure which part of the act you are referring to when you say, "DoesAct 470 of 2009 apply to. . . ." I will simply explain which provisions were amended by Act 470. I am neither equipped nor authorized to opine about the application of those amendments to any specific ATRS retirant or class of retirants. *Page 3 
Act 470 amended subsection 24-7-1308(a)(1) to change the procedures one must follow to retire after being a T-DROP participant. Among other things, the T-DROP participant must "file an application for voluntary retirement under § 24-7-701." If the T-DROP participant fails to meet the "termination of employment requirement of § 24-7-701," then the T-DROP participant "forfeits any retirement benefits, including plan account benefits." The "termination of employment requirement" referred to prohibits participants from "becom[ing] employed by an employer covered by the system [i.e. ATRS]" for "180 days from the [participant's] effective date of retirement."[1] ATRS retirees who fail to meet this 180-day requirement, then must "repay any benefits received before becoming eligible again for voluntary retirement."[2]
Your question asks whether the above "applies to someone retiring from a high school and the following semester hiring on as an adjunct (part time) at a college." It appears your question mainly relates to the 180-day limitation, namely: whether former high-school teachers (who are also former T-DROP participants) validly terminate employment "with a covered employer" when they "hire on as an adjunct (part time) at a college" the "following semester." I am unable to definitively resolve this question for at least two reasons.
The first reason is that one would have to know whether the adjunct position was really considered employment between the parties. That issue requires a factual inquiry that is beyond the scope of this opinion. Second, assuming the relationship was an employment relationship, there is the question of whether the "college" is even an "employer covered by the system." The ATRS statutes, which generally have highly technical definitions and lengthy cross references, define "employer" to mean:
 any public school, public educational agency, or other eligible employer participating in [ATRS].[3] *Page 4 
If the college you are referring to is public, then a legal question arises. The definition of "employer," quoted above, seems to describe three sets of potential "employers": public schools, public educational agencies, and other eligible employers that participate in ATRS. The legal question is one of statutory interpretation: Does the phrase "that participate in ATRS" found in the third set apply only to "other eligible employers" or does it also apply to "public schools" and "public educational entities"? The answer to this question matters because, as I noted in Opinion No. 2009-164, some colleges and universities do not participate in ATRS. Accordingly, it might be held that those public colleges do not "participate in ATRS" for purposes of your question. Thus, the question arises whether such public colleges and universities count as "public schools" for purposes of the 180-day limitation. Legislative clarification on this point is warranted.
Given the highly fact-specific nature of your questions, and the uncertainty in the law, I cannot definitively resolve your questions.
Assistant Attorney General Ryan Owsley prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] The cross references that, collectively, establish this 180-day restriction are lengthy:Act 470 of 2009 amended subsection 24-7-1308(a)(1) and added subsection (a)(2)(A), both of which refer to section 24-7-701 and the "termination of employment requirements" found there. But section 24-7-701 merely incorporates the "termination of employment" requirements found at subsection 24-7-502(a). So the "termination of employment" provisions a T-DROP participant must adhere to are actually located in subsection 24-7-502(a).
[2] A.C.A. § 24-7-1308(d)(1) (Supp. 2009).
[3] A.C.A. § 24-7-202(13) (Supp. 2009). *Page 1